**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ammon M. Sprau, II,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>City of Surprise; Surprise Police Department,<br><br>　　　　　　Defendants. | No. CV-12-437-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Preclude Ammon M. Sprau from Practicing Law without a License. (Doc. 9). Defendants also request the Court to preclude Ammon M. Sprau II from litigating on his own behalf. (Doc. 9). For the reasons discussed below, the Court grants Defendants' Motion to Preclude Ammon M. Sprau from Practicing Law without a License and denies the request to preclude Ammon M. Sprau II from litigating pro se.

**BACKGROUND**

On January 31, 2012, Plaintiff filed his amended complaint against Defendants in the Maricopa County Superior Court alleging violations of his Constitutional rights. (Doc. 1, Ex. 2). On May 10, 2012, Defendants alleged that Ammon M. Sprau (Mr. Sprau) has been acting as a legal representative for his son Ammon M. Sprau II (Sprau II). (Doc. 9). Plaintiff denies these allegations. It appears Mr. Sprau may have assisted

in the preparation of the original complaint filed December 20, 2011 in the Maricopa County Superior Court. (Doc. 1, Ex. 1). Mr. Sprau may or may not have assisted in the preparation and filing of Sprau II's subsequent pleadings. While it is not certain whether Sprau II has been acting on his own behalf, it is certain the privilege to represent one's self does not create a privilege to be represented by a third-party non-attorney. *See McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966).

## DISCUSSION

### I.   Legal Standard

Pursuant to 28 U.S.C. § 1654, "parties may plead and conduct their own cases personally." In an action brought by a pro se litigant, the real party in interest must be the person who "has the right to be enforced." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). The Arizona Supreme Court has held that an attorney in fact, not licensed to practice law, cannot represent anyone other than himself. *Hunt Inv. Co. v. Eliot*, 154 Ariz. 357, 362, 742 P.2d 858, 863 (Ct. App. 1987) (citing *Mosher v. Hiner*, 62 Ariz. 110, 113—14, 154 P.2d 372, 374 (1944)).

### II.   Analysis

#### A.   Motion to Preclude Mr. Sprau from Practicing Law without a License

Mr. Sprau is not a licensed attorney and is therefore precluded from practicing law in the State of Arizona on behalf of his adult son. A litigant may be his own attorney, but a layman cannot practice law on another's behalf. *Mosher*, 62 Ariz. at 113—14. Rule 31(a) of the Supreme Court of Arizona defines practicing law as "providing legal advice or services to or for another by" preparing documents, legal opinions, representing another in a proceeding or other formal dispute resolution process, or negotiating legal rights for a specific person (other than one's self). Mr. Sprau, a third-party non-attorney, is therefore prohibited from performing any of the aforementioned functions on behalf of Sprau II.

#### B.   Request to Preclude Sprau II from Litigating Pro Se

Sprau II may continue to litigate his case pro se. One who acts on his own behalf

- 2 -

is not engaged in the practice of law. *See Hunt*, 154 Ariz. at 362. However, pro se litigants are subject to the same good faith limitations imposed on lawyers, as officers of the court. *United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989).

## CONCLUSION

For the reasons stated above, Ammon M. Sprau will not represent Ammon M. Sprau II in this matter.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Preclude Ammon M. Sprau from Practicing Law without a License (Doc. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stop Harassment (Doc. 16) is **DENIED AS MOOT**.

Dated this 4th day of June, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge