**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ammon M. Sprau, II,<br><br>            Plaintiff,<br><br>vs.<br><br>City of Surprise; Surprise Police Department,<br><br>            Defendants. | No. CV-12-437-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Remand. (Doc. 19). For the reasons discussed below, the Court denies this motion.

**BACKGROUND**

On January 31, 2012, Plaintiff filed his amended complaint against Defendants in the Maricopa County Superior Court alleging violations of his constitutional rights. (Doc. 1, Ex. 2). On March 1, 2012, Defendants filed a Notice of Removal invoking Plaintiff's claim for damages pursuant to 42 U.S.C. § 1983 as the basis for removal. (Doc. 1, Ex. 5). On March 5, 2012, Plaintiff filed an Emergency Motion to Amend Caption in Superior Court changing the caption from "2nd Amendment Rights, 4th Amendment Rights" to "Replevin, Refusal to Return Personal Property, Punitive & Exemplary Damages." (Doc. 3, Ex. 1). Then, on March 12, 2012, Defendants filed a Motion to Dismiss Plaintiff's Complaint. (Doc. 3). This Motion was withdrawn on May

29, 2012. (Doc. 14). On March 19, 2012, Plaintiff filed his Motion to Remand. (Doc. 19). Defendants addressed the merits of Plaintiff's Motion to Remand in its legal argument section of the Motion to Dismiss. (Doc. 3).

**DISCUSSION**

**I.     Legal Standard**

A party may remove an action from state court only if the action could have been brought in the district court originally. *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 747 (9th Cir. 1993). In the absence of diversity jurisdiction, a motion to remand turns on the presence or absence of a federal question. *Id.*; *see also* 28 U.S.C. § 1441(b). According to 28 U.S.C. § 1331, "[t]he district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

**II.    Analysis**

Plaintiff's action arises under the Constitution and laws of the United States by alleging damages for violations of his Second and Fourth Amendment rights. (Doc. 1, Ex. 2). A plaintiff "complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) (citing *Azul-Pacifico Inc. v. City of L.A.*, 973 F.2d 704, 705 (9th Cir. 1992)).

Plaintiff argues the alleged constitutional rights violations do not form "the crux" of his case (Doc. 19) and has amended the caption of his complaint. (Doc. 3, Ex. 1). However, the Court's determination of subject matter jurisdiction is based on "the pleadings at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998). Moreover, the face of Plaintiff's complaint invokes federal law by seeking damages for alleged violations of his constitutional rights. (Doc. 1, Ex. 2). Under the section entitled "Punitive and Exemplary Damages," the complaint alleges, "[t]he [Defendants] willfully and deliberately... violated the plaintiff's 4th Amendment rights..." and pleads "$4,000,000 in punitive damages, and $4,000,000 in exemplary damages..." *Id.* The

Court therefore construes Plaintiff's complaint to be a civil action pursuant to 42 U.S.C. § 1983.

## CONCLUSION

For the reasons stated above, the Court will deny Plaintiff's Motion to Remand and will deny as moot Plaintiff's Motion to Expedite Ruling.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (Doc. 19) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Expedite Ruling on Plaintiff's Notice of Removal (Doc. 17) is **DENIED AS MOOT**.

Dated this 4th day of June, 2012.

*G. Murray Snow*
United States District Judge