**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ammon M. Sprau, II, | No. CV-12-437-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| City of Surprise; Surprise Police Department, | |
| Defendants. | |

Pending before the Court are Plaintiff Ammon M. Sprau II's Motion for New and Different Judge (Doc. 22) and Motion to Supplement Pleadings. (Doc. 23). The Court construes Plaintiff's Motion for New and Different Judge as a motion to recuse pursuant to 28 U.S.C. § 455. The Court also construes Plaintiff's Motion to Supplement as a motion to amend pursuant to Rule 15(a). For the reasons discussed below, the Court denies both motions.

## BACKGROUND

On January 31, 2012, Plaintiff filed his amended complaint against Defendants in the Maricopa County Superior Court alleging violations of his constitutional rights. (Doc. 1, Ex. 2). On March 1, 2012, Defendants filed a Notice of Removal invoking Plaintiff's claim for damages pursuant to 42 U.S.C. § 1983 as the basis for removal.

(Doc. 1, Ex. 5).  On March 5, 2012, Plaintiff filed an Emergency Motion to Amend Caption in Superior Court, which the court granted, changing the caption from "2nd Amendment Rights, 4th Amendment Rights" to "Replevin, Refusal to Return Personal Property, Punitive & Exemplary Damages."  (Doc. 3, Ex. 1). On March 19, 2012, Plaintiff filed a Motion to Remand.  (Doc. 19).  The Court denied his motion to remand because the Court's determination of subject matter jurisdiction is based on "the pleadings at the time of removal without reference to subsequent amendments."  *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) (*See* Doc. 21 at 2).  The Court further held that, on its face, Plaintiff's complaint invokes federal law by seeking damages for alleged violations of his constitutional rights.  (Doc. 1, Ex. 2).   Plaintiff then filed the instant Motion to Recuse and Motion to Amend. (Docs. 22, 23).  Defendants did not file a response to either motion.

## DISCUSSION

### I.    Motion to Recuse

#### A.    Legal Standard

28 U.S.C. § 455 governs whether a federal judge must recuse in a particular case. It states in relevant part:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

In interpreting these statutory provisions the Supreme Court has determined that a court's "judicial rulings alone almost never constitute a valid basis" for a motion to

recuse. *United States v. Liteky*, 510 U.S. 540, 555 (1994). This is because "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* Thus, statements made in ruling on particular motions establish bias only in extremely rare circumstances.

The moving party bears the burden of proving facts sufficient to justify recusal. Pursuant to the terms of the statute, the Court must determine whether the claims of bias are legally sufficient before determining that the Court "shall proceed no further" on the movant's case. The statute "must be given the utmost strict construction to safeguard the judiciary from frivolous attacks upon its integrity and to prevent abuse and insure the orderly functioning of the judicial system." *Rademacher v. City of Phoenix*, 442 F. Supp. 27, 29 (D. Ariz. 1977) (citations omitted).

Allegations that are merely conclusory are not legally sufficient. *United States v. $292,888.04 U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995).

**B.    Analysis**

In Plaintiff's Motion to Recuse, he essentially makes two assertions. First, he alleges that the Court is prejudiced against *pro se* plaintiffs. Second, he avers that the Court has "refused to read or rule on" any of Plaintiff's motions or Plaintiff's "true complaint." (Doc. 22 at 1–2). The Court finds that neither of these assertions provides an appropriate basis for recusal. Each allegation of prejudice will be addressed in turn.

**1.    Allegations of actual or apparent prejudice against *pro se* plaintiffs**

In Plaintiff's Motion to Recuse, he appears to infer bias from the Court's decision to permit the removal of his case to federal court, stating "[t]his lawsuit was illegally removed from [] Superior Court." (Doc. 22 at 2). Plaintiff also avers the Court "is prejudice against pro se plaintiff's and . . . intends to find for [D]efendants no matter what [P]laintiff can prove in court." *Id.* In the order denying Plaintiff's Motion to Remand, the Court held his allegations of violations of his constitutional rights and

damages incurred therefrom constitute sufficient bases for federal subject matter jurisdiction. (Doc. 21 at 2). Nevertheless, the Supreme Court has made clear that "opinions formed by the judge on the basis of . . . events occurring in the course of the current proceedings . . . do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

Plaintiff fails to allege or show any deep-seated favoritism or antagonism. Rather, he simply complains of this Court's rulings, or the perceived failure to rule, on Plaintiff's motions. As discussed above, that is not a basis upon which the Court's impartiality might reasonably be questioned for purposes of § 455(a).

### 2.    Allegations of failing to read the pleadings

Plaintiff alleges the Court has failed to read Plaintiff's pleadings or his "true complaint." (Doc. 22 at 1–2). Nevertheless, Plaintiff provides no basis or circumstance that would support this assertion. Allegations that are merely conclusory are not a legally sufficient basis on which recusal could be granted. *$292,888.04 U.S. Currency*, 54 F.3d at 566; *United States v. Vespe*, 868 F.2d 1328, 1340 (3d Cir. 1989). The Court therefore finds that recusal is not warranted and Plaintiff's Motion for New and Different Judge will be denied.

## II.    Motion to Amend

Plaintiff also filed a Motion to Supplement, pursuant to Rule 15(d), in which he seeks to amend his punitive damages claim from eight-million dollars to sixteen-million dollars. (Doc. 23). Rule 15(d) provides that a court may permit a party to file "a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FED. R. CIV. P. 15(d). "Rule 15(d) permits the filing of a supplemental pleading which introduces a cause of action not alleged in the original complaint and not in existence when the original complaint was filed." *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998) (citation omitted). Because Plaintiff has not established a new cause of action or alleged an

occurrence or event that happened after the date of his complaint, the Court denies this motion.

Moreover, even were the Court to construe Plaintiff's pleading broadly as a motion to amend, such motion would be denied. "The court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). However, the Court may deny a motion to amend if the proposed amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). When bringing a claim pursuant to 42 U.S.C. § 1983 for alleged violations of constitutional rights, punitive damages are not recoverable against a municipality or a state official sued in his or her official capacity. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *Smith v. Wade*, 461 U.S. 30 (1983). Any amendment of Plaintiff's punitive damages claim would therefore be futile.

## CONCLUSION

For the reasons stated above, the Court denies Plaintiff's Motion to Recuse and Plaintiff's Motion to Amend.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for New and Different Judge (Doc. 22) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (Doc. 23) is **DENIED**.

Dated this 9th day of July, 2012.

G. Murray Snow
United States District Judge

- 5 -